United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 17-14373-mdc
Alejandro Abad-Kelly  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 2
Date Rcvd: Dec 07, 2021      Form ID: pdf900      Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 09, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Alejandro Abad-Kelly, 1901 W. Diamond Street, Unit 1, Philadelphia, PA 19121-1586 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2021      Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRAD J. SADEK | on behalf of Debtor Alejandro Abad-Kelly brad@sadeklaw.com bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KEVIN S. FRANKEL | on behalf of Creditor JPMORGAN CHASE BANK NATIONAL ASSOCIATION pa-bk@logs.com |
| MATTEO SAMUEL WEINER | on behalf of Creditor JPMORGAN CHASE BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| United States Trustee | |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Dec 07, 2021 | Form ID: pdf900 | Total Noticed: 1

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 5

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Alejandro Abad-Kelly | : | Case No.: 17-14373-AMC |
| | : | |
| Debtor | : | Chapter 13 |

### ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**AND NOW,** this _____7th_____ day of __December__, 2021, upon consideration of the Motion for Authority to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell his/her real property located 1901 West Diamond Street, Philadelphia, PA ("Property"), free and clear of all liens, for the sale price of $450,000, pursuant to the terms of a certain real estate agreement of sale dated as of October 25, 2021, and any addendums thereto, to the buyer(s) thereunder, Shatee J. Cooks ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters    $1,000.00
2. Liens paid at closing-    $219,861.76
3. Real estate taxes, sewer, trash and/or other such items    $9,000.00
4. Property repairs, if any    $_____
5. Real estate commission, at no greater than 6%    $27,000.00
6. Attorney's fees, if any    $_____
7. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at

|   |   |   |
|---|---|---|
|   | settlement | $ _____ |
| 8. | Other Balance to the Trustee | $ 4,104.00 |
|   | ESTIMATED AMT DUE TO SELLER | $ 189,034.24 |

This Order is contingent upon the lien held by Chase Mortgage and any other liens being paid in full at closing.

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West, Chapter 13 standing trustee, the balance remaining of $4,104.00 on the Chapter 13 Plan. The remainder after all liens and the Chapter 13 Plan is satisfied from the sale proceeds shall be paid to the Debtor at Settlement.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he/she may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

BY THE COURT

_____
ASHELY M. CHAN
U.S. Bankruptcy Judge for
MAGDELINE D. COLEMAN
Chief U.S. Bankruptcy Judge